## Arble's Estate.    Arble's Appeal.

*Executors and administrators—Trustees to sell real estate—Act of February* 24, 1834, *section* 44—*Partition.*

In partition proceedings in the orphans' court, if there are either executors or administrators of the decedent whose real estate is to be sold, it is the duty of the court, under the act of Feb. 24, 1834, § 44, P. L. 81, to appoint such executors or administrators to execute the order of sale.

Argued April 18, 1894.  Appeal, No. 170, Jan. T., 1893, by John Arble et al., children and heirs of George Arble, deceased, from decree of O. C. Blair Co., No. 39, Partition Docket A, appointing Jacob C. Arble, administrator of George Arble, deceased, trustee to sell land.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.  Affirmed.

Partition.  Rule to show cause why Jacob C. Arble, administrator of George C. Arble, deceased, should not be appointed trustee to sell land of decedent.

From the record it appeared that John Arble and others,

children and heirs of George C. Arble, deceased, filed a petition protesting against the issuance of the order of sale to Jacob C. Arble, the administrator, upon the grounds, as they alleged, that said Jacob C. Arble was indebted to the estate of Susan Arble, deceased, mother of the petitioners, in the sum of $3,000; that he was insolvent, and that in their opinion he was unfit to be intrusted with so responsible a trust.

Jacob C. Arble filed an answer, alleging that he was not indebted to his mother's estate in the sum of $3,000; but that on a fair settlement he might owe one half that sum; that he was always ready and willing to make a settlement; that he was not insolvent; that he had been exact, honest and liberal in all his transactions with the petitioners; and that he was distributee of one half the property to be sold.

The court appointed the administrator, trustee, and ordered a sale Nov. 29, 1893, saying: "We have no discretion in the matter. We are bound to appoint the administrator trustee to execute the order of sale. He has the legal title to the office as administrator.

A rule had previously been taken to show cause why the administrator should not be discharged. On Dec. 1, 1893, the court ordered the administrator to pay into court the balance with interest owing by him to other heirs, as shown by his account, within thirty days, or be discharged. Dec. 7, 1893, the writ to the Supreme Court was taken. On Dec. 18, 1893, the court below made an order suspending all proceedings under order of sale until the Supreme Court disposed of the appeal.

*Errors assigned* were (1) appointment of administrator as trustee pending rule for his discharge; (2) the oral opinion, quoting it; (3) appointment of administrator as trustee; (4) not appointing a disinterested person.

*Wm. S. Hammond* for appellants, cited: Act of Feb. 24, 1834, § 44, P. L. 81; Snyder's Ap., 36 Pa. 169; Neeld's Ap., 70 Pa. 117; Taylor's Ap., 119 Pa. 297.

*Edmund Shaw*, for appellee, not heard, cited: Act of Feb. 24, 1834, P. L. 81; Snyder's Ap., 36 Pa. 169; Neeld's Ap., 70 Pa. 113; Pyle's Ap., 1 Penny. 71; Taylor's Ap., 119 Pa. 297.

1894.]                    Opinion of the Court.

PER CURIAM, April 30, 1894:

The sole subject of complaint in this case is the appointment of Jacob C. Arble, administrator of George Arble, deceased, trustee to sell the real estate of said decedent under the order of sale in partition. In partition proceedings in the orphans' court, if there are either executors or administrators of the decedent whose real estate is to be sold, it is clearly the duty of the court, in the first instance, under the act of 1834, to appoint them to execute the order of sale. There was nothing in the circumstances of this case to require the court to depart from the plain provisions of the act.

Neither of the specifications of error is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellants.